# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **SHAMSIDDEEN HATCHER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17CV00019 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **TM ASSOCIATES, INC., ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Shamsiddeen Hatcher, Pro Se Plaintiff; Timothy McConville and Luke Archer, Odin, Feldman & Pittleman, P.C., Reston, Virginia, for Defendant TM Associates Management, Inc.*

The plaintiff in this case, proceeding pro se, seeks damages for alleged violations of the Fair Housing Act. Because I find that the Amended Complaint fails to state a viable claim, I will grant the defendant's Motion to Dismiss.[1]

### I.

In his Amended Complaint,[2] the plaintiff alleges that in June of 2006, the former property managers of the Springdale Village Apartments[3] complex in

---

[1] The correct name of the defendant is TM Associates Management, Inc. It has also moved to strike the plaintiff's reference to a class action. For the reasons stated herein, I will grant the Motion to Strike.

[2] The plaintiff filed his Complaint on June 2, 2017. He later filed an Amended Complaint in response to TM Associates Management, Inc.'s Motion to Dismiss. In his Amended Complaint, the plaintiff removed the reference to 42 U.S.C. § 1983, in view of

Bristol, Virginia, barred him from the premises for creating a disturbance. He further alleges that on "[t]he day that the plaintiff was barred from the premesis [sic] there were no disturbances just friendly and peaceful basketball games." Am. Compl. 5, ECF No. 15. He asserts that he was barred and forced to vacate his apartment as a result of racial profiling and discrimination.

TM Associates Management, Inc. ("TMAM") is the current property manager of the apartment complex. The plaintiff alleges that despite his repeated requests to be removed from the barred list, TMAM and its property manager, Kayla Sutherland,[4] refuse to remove the plaintiff's name from the barred list, which prohibits him from being a tenant or visiting friends and family who live in the apartment complex. He states that "[t]he defendants [sic] policy is that anyone on the barr [sic] list cannot apply for housing or . . . step a foot on the property." *Id*. at 4. The plaintiff further alleges that he initially was placed on the barred list solely because he is African American. He asserts that "[t]he caucasian americans were allowed to stay on the premesis [sic], there were no barrs [sic] issued to them, and nothing was even said to them." *Id.* at 3. He seeks compensatory and punitive

---

the fact that no state action is involved. I will consider the facts set forth in both the initial Complaint and the Amended Complaint.

[3] The apartment complex is now named Woodland Apartments.

[4] The plaintiff also attempted service of process on defendant Kayla Sutherland at the address of the apartment complex. However, according to the manager on duty at the time of service, no one by the name of Kayla Sutherland is employed with the business. Therefore, the summons was returned unexecuted.

damages. Additionally, the plaintiff includes references in both the Complaint and Amended Complaint asserting a class action.

TMAM has moved to dismiss the Complaint for failure to state a claim upon which relief can be granted, asserting a number of grounds for dismissal. TMAM also has moved to strike the plaintiff's request that the matter proceed as a class action. The motions have been fully briefed and are now ripe for decision.[5]

## II.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint. . . ." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). In ruling on a motion to dismiss, the court must regard as true all of the factual allegations contained in the complaint, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and must view those facts in the light most favorable to the plaintiff. *Christopher v. Harbury,* 536 U.S. 403, 406 (2002). "Where, as here, the motion to dismiss involves a civil rights complaint, [I] must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under

---

[5] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

3

any legal theory which might plausibly be suggested by the facts alleged." *Rios v. Veale*, 648 F. App'x 369, 370 (4th Cir. 2016) (unpublished).[6] Furthermore, where the plaintiff is proceeding without a lawyer, the court has an obligation to construe the complaint liberally. *See Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977).

Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

The Fair Housing Act ("FHA"), 42 U.S.C. § 3613, grants a private right of action for an alleged discriminatory housing practice. Such action thus arises under federal law for purposes of the federal question jurisdiction statute. 28 U.S.C. § 1331.

---

[6] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

TMAM argues that the Complaint must be dismissed because the plaintiff fails to sufficiently plead his FHA claim. Specifically, TMAM asserts that this claim fails because the FHA does not grant a visitation right and the plaintiff fails to sufficiently allege that the defendants were motivated by a discriminatory purpose or intent. TMAM is correct that the FHA does not grant a right of visitation. The FHA prohibits discriminatory practices regarding the sale or rental of housing. *See* 42 U.S.C. § 3604(a) (prohibiting the refusal "to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.") However, the plaintiff's argument is not limited to his inability to visit family and friends at the apartment complex. He also alleges that being on the barred list makes him ineligible for tenancy, thereby denying him the opportunity to rent an apartment. Such an allegation is precisely the conduct that is covered by the FHA. Accordingly, TMAM's argument in this respect fails.

TMAM also asserts that the plaintiff's FHA claim fails to allege that the defendants were motivated by a discriminatory animus. Section 3604 of the FHA also provides that it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). "A plaintiff

may demonstrate a prima facie case of discrimination by showing that the challenged practice was motivated by a discriminatory purpose or had a discriminatory impact." Sudduth v. Vasquez, No. 1:08CV1106, 2009 WL 211572, at *2 (E.D. Va. Jan. 26, 2009) (citing *Betsey v. Turtle Creek Assocs.*, 736 F.2d 983, 986 (4th Cir. 1984)). The plaintiff has alleged that he is African American. The plaintiff's allegations supporting discrimination on account of his race relate to a 2006 incident which involved the prior owner of the apartments. He has not alleged facts to support his claim that the actions of TMAM or its employee were motivated by a discriminatory purpose. Such conclusory allegations of discrimination, absent factual support, cannot withstand TMAM's Motion to Dismiss. Accordingly, the plaintiff's Amended Complaint will be dismissed for failure to state a claim. I will, however, grant the plaintiff leave to further amend his complaint if he is able to provide adequate factual allegations supporting the claim of discriminatory motivation against TMAM.

The plaintiff also references a "class action injunction" in both the Complaint and Amended Complaint. TMAM has moved to strike the plaintiff's request that the matter proceed as a class action. Fourth Circuit law mandates that a class will not be certified "where a pro se litigant will act as [a] representative of that class." *Fowler v. Lee*, 18 F. App'x 164, 165 (4th Cir. 2001) (unpublished) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Pro se

plaintiffs may not pursue claims as a class action "for the obvious and sensible reason that a pro se plaintiff is simply not equipped by reason of training or experience to take on the rsponsiblity of litigating the claims of others." *Noah v. AOL Time Warner Inc.*, 261 F. Supp. 2d 532, 537 (E.D. Va. 2003.) Since the plaintiff is proceeding pro se, I will grant TMAM's Motion to Strike.

IV.

For the foregoing reasons, it is **ORDERED** that the Motion to Strike (ECF No. 11) and the Motion to Dismiss (ECF No. 9) are GRANTED. The plaintiff is granted leave to file a second amended complaint, provided it is filed within 21 days from the date of this Order.

ENTER: September 14, 2017

/s/ James P. Jones
United States District Judge