IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **SHAMSIDDEEN HATCHER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17CV00019 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **TM ASSOCIATES, INC., ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Shamsiddeen Hatcher, Pro Se Plaintiff; Timothy McConville and Luke Archer, Odin, Feldman & Pittleman, P.C., Reston, Virginia, for Defendant TM Associates Management, Inc.*

The plaintiff in this case, Shamsiddeen Hatcher, proceeding pro se, seeks damages for alleged violations of the Fair Housing Act. Because I find that the Second Amended Complaint fails to state a viable claim, I will grant the defendant's Motion to Dismiss.

I.

Hatcher alleges in his Second Amended Complaint that in June of 2006, the former property managers of the Woodland Apartments complex ("Woodland") in Bristol, Virginia, barred him from the premises for creating a disturbance. He further alleges that on the day he was barred from the premises there were no disturbances, only a "peaceful basketball game." Second Am. Compl. 3, ECF No.

26. He asserts that he was barred and forced to vacate his apartment as a result of racial profiling and discrimination.

TM Associates Management, Inc. ("TMAM") is the current property manager of Woodland. Hatcher alleges that despite his repeated requests to be removed from the barred list, TMAM and its property manager, Kayla Sutherland,[1] refuse to remove Hatcher's name from the list, which prohibits him from being a tenant or visiting friends and family who reside at the apartment complex. He seeks compensatory and punitive damages.

TMAM has moved to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted, asserting a number of grounds for dismissal.[2] The motion has been fully briefed and is now ripe for decision.[3]

## II.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint. . . ." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999).

---

[1] The plaintiff also attempted service of process on defendant Kayla Sutherland at the address of the apartment complex. However, according to the manager on duty at the time of service, no one by that name is employed with the business. Therefore, the summons was returned unexecuted.

[2] TMAM also argues that the Second Amended Complaint should be dismissed as untimely. Because I find that the complaint fails to state a claim, it is unnecessary to address this argument.

[3] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). In ruling on a motion to dismiss, the court must regard as true all of the factual allegations contained in the complaint, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and must view those facts in the light most favorable to the plaintiff. *Christopher v. Harbury,* 536 U.S. 403, 406 (2002). "Where, as here, the motion to dismiss involves a civil rights complaint, [I] must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Rios v. Veale*, 648 F. App'x 369, 370 (4th Cir. 2016) (unpublished).[4] Furthermore, where the plaintiff is proceeding without a lawyer, the court has an obligation to construe the complaint liberally. *See Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977).

Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[4] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

The Fair Housing Act ("FHA"), 42 U.S.C. § 3613, grants a private right of action for an alleged discriminatory housing practice. Such action thus arises under federal law for purposes of the federal question jurisdiction statute. 28 U.S.C. § 1331.

TMAM argues that the Second Amended Complaint must be dismissed because Hatcher again fails to sufficiently plead his FHA claim. Specifically, TMAM asserts that despite this court's instructions to "provide adequate factual allegations supporting the claim of discriminatory motivation," *Hatcher v. TM Associates, Inc.*, 1:17CV00019, 2017 WL 4079536, at *2 (W.D. Va. Sept. 14, 2017), Hatcher's claim again fails to allege facts showing that the defendants were motivated by a discriminatory animus. The FHA prohibits discriminatory practices regarding the sale or rental of housing. *See* 42 U.S.C. § 3604(a) (prohibiting the refusal "to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin."). Section 3604 of the FHA also provides that it is unlawful "[t]o

discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). "A plaintiff may demonstrate a prima facie case of discrimination by showing that the challenged practice was motivated by a discriminatory purpose or had a discriminatory impact." *Sudduth v. Vasquez*, No. 1:08CV1106, 2009 WL 211572, at *2 (E.D. Va. Jan. 26, 2009) (citing *Betsey v. Turtle Creek Assocs.*, 736 F.2d 983, 986 (4th Cir. 1984)).

As was the case for Hatcher's prior complaint, the Second Amended Complaint contains minimal facts and falls short of the pleading standard. Indeed, Hatcher alleges no new facts. Instead, he simply asserts that "the court overlooked or misunderstood the amended complaint." Second Am. Compl. 1, ECF No. 26. Hatcher again alleges that he is African American. His allegations supporting discrimination on account of his race relate to a 2006 incident which involved the prior apartment manager. He claims that as a result of the incident, the former manager barred him and "all of the African Americans" involved in the incident from the premises. *Id.* at 3. Hatcher further claims that TMAM has violated the FHA and his constitutional rights by continuing to enforce this "discriminative policy." *Id.* He has not alleged any additional facts to support his claim that the actions of TMAM or its employee were motivated by a discriminatory purpose. Such conclusory allegations of discrimination, absent factual support, cannot

5

withstand TMAM's Motion to Dismiss.  I previously directed that Hatcher must provide adequate factual allegations of discriminatory motivation.  Hatcher has failed to do so.  He simply restates the same facts and conclusory allegations that he alleged previously.  Accordingly, Hatcher's Second Amended Complaint will be dismissed for failure to state a claim.

Dismissal of all claims against the defendants will be with prejudice, and further leave to amend is denied.  The Second Amended Complaint is Hatcher's third complaint.  I directed Hatcher as to the specific factual allegations that must be set forth when I granted him leave to amend his Amended Complaint.  Hatcher was therefore on notice of the applicable pleading standard, had multiple opportunities to meet it, and has failed to do so.  *See Allen v. FCA US LLC*, No. 6:17-CV-00007, 2017 WL 1957068, at *4 (W.D. Va. May 10, 2017) (denying leave to amend and dismissing complaint with prejudice where plaintiff had "multiple opportunities" to adequately allege her claim and was "on clear notice that she was required to do so").  In light of the above, I will grant TMAM's Motion to Strike and Dismiss and dismiss Hatcher's claims with prejudice.

A separate final order will be entered forthwith.

DATED:  November 13, 2017

/s/  James P. Jones
United States District Judge